IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 19 2023

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

ANTONIO STRONG
    Plaintiff

No. 2:22-CV-00191-LRP-JJV

v.

UNITED STATES of AMERICA
    DEFENDANT

## I. INTRODUCTION

Comes Now AnTonio STRong ("Plaintiff") hereinafter, "Propria Persona" in the above-entitled Cause Hereby move before the UniTed sTaTes DISTRICT courT, at DelTa, RespecTfully RequesTing An Order and JudgmenT enTered FindIng a Plausible Claim AgainsT the UniTed sTaTes [Bureau of Prisons AgenTs of the UnuiTed sTaTes] For Breach of DuTy under 28 U.S.C § 1346.

(1)

## II. Statement of Jurisdiction

The District Court is with irrefutable Subject matter Jurisdiction over the Fair Administration of Justice over this matter pursuant 28 U.S.C. § 1346. Plaintiff raises a plausible Against the United states [ Bureau of Prison officials at FCC-Forrest city-med ] for Breach of Duty to provide "care and subsistence" AS spelled-out in Title 18 U.S.C. § 4042 (a)(3)

## III. Statement of The Facts

On or about _____, 2023, the District court issued an order pursuant 28 u.s.c. § 1915A, concluding that, the Federal Tort claim Action (FTCA) brought Against, Merrick Garland, [U.S. ATTorney General] should be dismissed without prejudice, because Under FTCA, the TorT Against __must__ be brought against the United states. "Doc. ___) Confused, Plaintiff operated under the presumption that, while Merrick Garland may not be named defendents his Agents,[operating under the Copacity of the United

(2)

STATES] ("BOP") are still liable For damages, as the "et.al" would subject Prison officials, NOT Merrick Garland still subject For Review.

Plaintiff, files the Instant claim Under the Act (FTCA) AND Against the UNITED STATES, Agents operating in Capacity of the United states [FCC Forrest city-med, Health Services, and Corrections].

IV. Statement of the Case

Health Services officials [clinical Director, Medical Doctor, Health Care provider] and Correctional Services [escorting Bureau of prison officers (unknown) to outside clinical appointment] Breached the "Duty of Core" owed under 18 U.S.C § 4042 (a)(2).

Health Service officials [Breached the Duty to provide Care] Failed to provide Care For his Broken hand on August 29, 2021, Despite Complaints of pain and request for Medical Care. Health Service officials DID NOT examine Plaintiff Hand (Right) until 15 days later, when an outside medical provider took x-rays, confirmed

(3)

there was a "Break"; determined the injury had already begun to heal improperly, advised the hand may have to be re-set, and instructed Plaintiff to return in six weeks for Follow-up Core.

Plaintiff, was not taken back to the Outside medical provider until Fifteen months later. According to Medical Records "Plaintiff Could not be located in Time" for his appointment. See Exhibit A-Medical records ppg 4/5 hereto attached. The Delay in Core and SubseQuent InadeQuate Core (medically) provided by Health Services [Agents of the United states] and Correctional Services [also Agents of the United states designated to Provide Subsistence] Constitutes a breach of those Duties attendant Title 18 U.S.C. 4042(c) (2) Plaintiff Suffers from the stigma's associated with the breach, as expressed above, where fore, InadeQuate Core [Failure to Core] by prison Health Services providers, medical doctors and clinical Director and the violation of the "non-discretionary" duty, Lying about escorted Trip, resulted in Plaintiff's Right hand being deformed and permanently injured.

(4)

Plaintiff's Case is of Great Significance, and Presents Plausible claims attendant the interaction of the United states [Prison officials] Duty to protect, provide Safety, Core and Subsistence and the Competing law Governing the "non-discretionary" conduct. See United States v. Gaubert, 499 U.S. 315, 322-23, 111 S.ct. 1267, 113 L. Ed 2d 335 (    ). The disputes presented arise repeatedly throughout this Country in the wake of the many statutory provisions and such applicable interpretation. Navigating the Current maze erected within the framework of these many provisions is the Subject of pervasive confusion amongst the United states and Plaintiff:

> "was Prison charged with management of Health Core in a Timely manner and was this Duty a: `non-discretionary function` To wit The Duty Breached".

Judicial Court Documents Support Conclusions that, the United states; Health Services Clinical Director/medical Doctor, has in part

(5)

Admitted Conduct allege [DOC.    ] wherein allegation as such layed out herein and above. DID NOT CONTEST. while the records relating to the United states reasoning For Failing to escort plaintiff to his outside appointment (medically), these Facts and allegation are of the Sought and Kind, Sufficient to Justify issuance of on order, requiring those Agents of the United states to provide

1. Time of outside medical trip

2 steps taken to locate Plaintiff

3. what time did United states locate Plaintiff

4. evidence of Prison adherence to Policy statement when on Inmate are unable to locate in a Timely manner.

Plaintiff argues plausible claims Against which warrants Further proceedings. Evidence supporting responses to these Four (4) Question would determine whether a Genuine dispute over the issue of whether Correctional Services or those "Acting in Capacity" of escorting plaintiff

(6)

to his outside medical trip, alleging when "He [Plaintiff] Could not be located in Time" For his outside Escorted medical trip. This claim clearly takes Took at the defendants Conduct regarding the trip, if not the conduct of Health Services [not deFending] and whether it fell outside Scope of a "non-discrepancy" Violation.

As Such, the United states [: Clinical Director, medical Doctor, Health Care provider and Correction services officials charge with manage[ment] of Plaintiff's escort, "when [the]^HE allegedly couldn't be located in Time] are not shielded by the non-discretionary Function and should be Found liable For Damages in the amount of 10 million.

_Antonio Strong_

ANTONIO STRONG

## Certificate of Service

I swear I caused to Place in Hand of Prison mailbox officials a True copy of Instant matter addressed To;

(7)

UNITED STATES DISTRICT COURT
CLeek's office at;
600 west Copitol Avenue
suite A-149
Little Rock, Ar
                72201-3325

on the 13th day of april, 2023. 28 U.S.C
3 [1746

ANTONIO STrong

8

Antonio Strong # 46018-044
FCC Forrest city-med
P.o. Box 3000
Forrest city, Ar 72336-3000

MEMPHIS TN 380

17 APR 2023   PM 2   L

Earth
April 2

U.S. District Court
Clerk's office
600 W. Capitol Avenue
Suite A-149
Little Rock, Ar 72201-33 25

72201-330714